FILED
2013 MAR 22 PM 3:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CM REO TRUST,<br><br>   Plaintiff,<br><br>  vs.<br><br>RACHEL CORDERO, et al.,<br><br>   Defendants. | Case No. EDCV13-0484-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because it has been removed improperly.

I. BACKGROUND

On August 10, 2012, defendants Rachel Cordero, Eva Cordero and Anna Arreaga, having been sued in what appeared to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented applications to proceed *in forma pauperis*. On August 16, 2012, the Court denied defendants' applications to proceed *in forma pauperis* and remanded the action to state court.

///

1

On September 27, 2012, defendants filed with the Court a second Notice of Removal of the same underlying action, which, again, appeared to be a routine unlawful detainer action in California state court. Defendants paid the $350.00 filing fee. On November 7, 2012, the District Judge assigned to the action issued an order remanding the action to state court.

On November 30, 2012, defendants lodged with the Court a third Notice of Removal of the same underlying action, which, again, appeared to be a routine unlawful detainer action in California state court. Defendants presented applications to proceed *in forma pauperis* which the Court denied on December 14, 2012, remanding the action to state court.

On January 18, 2013, defendants lodged with the Court a fourth Notice of Removal of the same underlying action, which, again, appeared to be a routine unlawful detainer action in California state court. Defendants presented applications to proceed *in forma pauperis* which the Court denied on February 11, 2013, remanding the action to state court.

On February 21, 2013, defendants lodged with the Court a fifth Notice of Removal of the same underlying action, which, again, appeared to be a routine unlawful detainer action in California state court. Defendants presented applications to proceed *in forma pauperis* which the Court denied on March 6, 2013.

On March 14, 2013, defendants lodged with the Court a Sixth Notice of Removal of the same underlying action, which, again, appears to be a routine unlawful detainer action in California state court. Defendants have also presented applications to proceed *in forma pauperis*. The Court has denied the latter applications under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

/ / /

/ / /

## II. LEGAL STANDARD

As previously noted, plaintiff could not have brought this action in federal court in the first place, in that defendants do not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. §1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Nor does plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). In order to remove a case under 28 U.S.C. §§ 1441 and 1446, all served defendants must join in the notice of removal, all state court pleadings must be attached, and removal must be effected within 30 days of the first-served defendant being served or of the action that demonstrated grounds for federal jurisdiction. See 28 U.S.C. § 1446(b). The Notice of Removal must contain a short and plain statement of the grounds for removal. Id. at § 1446(a).

Additionally, removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. See 28 U.S.C. § 1441. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).

Any civil action filed in state court of which the district courts have original jurisdiction founded "on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or

residence of the parties." See 28 U.S.C. § 1441(b). Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. Id. If based on diversity, notice of removal must allege citizenship of all parties and the amount in controversy, if not pled in the state court complaint.

### III. DISCUSSION

Defendants' instant attempt to remove this case from the Superior Court of California, County of San Bernardino is procedurally defective for so many reasons. The Court discusses just one. Pursuant to 28 U.S.C. § 1446, a defendant's notice of removal "shall be filed within thirty days after the receipt . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Here, plaintiff served defendants on April 23, 2012. (San Bernardino County Superior Court's website.)[1] Defendants responded to plaintiff's complaint on April 30, 2012, filing a Demurrer. (Id.; Notice of Removal, Exhibit A.) Thus, defendants' first removal occurred more than three months after the deadline for removal.

### IV. DISPOSITION

For the foregoing reasons, it is ordered that (1) this matter be REMANDED to the Superior Court of California, San Bernardino County, 17780 Arrow Highway, Fontana, CA 92335, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

To deter future frivolous attempts at removal, if defendants again attempt to remove this case, their Notice of Removal must also include a brief ("Vexatious Litigant Brief") of no more than 10 pages citing this Order and explaining why they

---

[1] http://openaccess.sb-court.org

4

should not be held in contempt and deemed a vexatious litigant under the four-factor test announced in De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990). If defendants' Vexatious Litigant Brief is not sufficient, this Court shall proceed to designate defendants as vexatious litigants and this Order will serve as the notice required for such a designation.

IT IS SO ORDERED.

DATED: 3/19/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

David T. Bristow
United States Magistrate Judge